May it please the court, Assistant United States Attorney William Shipley. My name is Harlan Timur and I represent the defendant appellant Mr. John Paul Jones. According to the Cartney case, the inquiry for the court is whether the district court's outside guideline sentencing was procedurally erroneous, or b, substantively unreasonable, taking into account the sentencing factors in 3553A, including the applicable guideline range. Based upon the record below, there does not appear to be any question that the district court properly calculated the offense level. Therefore, the next question is whether the outside guideline range of 96 months was substantively unreasonable. In examining this second question, the 96-month sentence relied upon the district court must be sufficiently compelling to support the degree of variance from 71 to 96 months, according to the Cartney case. This upward variance of approximately 35% is a major departure according to the Ward case. Therefore, a more significant justification was required by the district court in the Jones case. For example, in the Ward case, there were seven factors supporting the major upward departure. The defendant in that case was a pyromaniac, he was a borderline psychotic, he had risk aversion, he suffered from a personality disorder, he failed to seek psychological help when he knew he needed it. There were 20 fires on state and federal lands, which caused widespread destruction. And number seven, with respect to the nine fires on federal lands, there was approximately $7 million in damage. There are two... I'm sorry, which case is this? That would be the Ward case. It's a Ninth Circuit case. Is that in your opening brief? It's in my reply brief. It's 530 Fed Third, 1152, a 2003 Circuit Court case for the Ninth Circuit. But the real question in this case is, at least in part, I should say, is the adequacy of the findings. And the district court did go on for quite a while making the findings. Yes, Your Honor. The district court did go on for quite a while. However, some, a substantial portion of the reasons or factors it relied upon for this major upward variance were already included in the offense level for Mr. Jones. For instance, the district court stated that Mr. Jones' actions in the incident was reckless, it was dangerous, and it caused damage to others. If you look at the applicable offense level for that, obviously arson is reckless. It is dangerous. And there was forethought. You were planning on doing it, so you did it. And by definition, arson results in damage to property or person. Therefore, those factors have already been included in the applicable guideline range. And according to the Vail case, which sort of explains the Sublime case, you cannot double count in sentencing. Right. But the question is whether or not the district court adequately recognized that. And he said, I don't think the guideline range satisfies this. I mean, you have a different quantity of – your argument would be true regardless of any upward departure case. I mean, usually you have some underlying component that the district court doesn't think is sufficiently accounted for in the guideline range when you have an upward departure. Yes, Your Honor. The point I'm making is the court seemed to recognize that this formed a component of the guidelines, and the court wanted to impose an additional sentence, indicating to me that the court understood the extent to which these actions have been taken care of in the guideline category. Yes, Your Honor. The district court wanted to depart upward. However, the reasons it articulated when referring to the incident offense were already taken into the applicable guideline. Granted, Your Honor, there were some other statements made by the district court regarding, for instance, underrepresentation of criminal history, which you could – You know, this whole argument to me is as if Booker and the cases since then haven't been decided. I don't know why – I mean, I understand we have to first see what the guideline sentence is. But I don't know why a district judge in sentencing can't look at the factors, which he did, that are included within the statute that the sentence is supposed to serve the purposes and not have to keep justifying what he does by the guidelines. He's supposed to impose a reasonable sentence. The guidelines are now no longer mandatory. They are a starting point, which you consider. It's one of the considerations, along with the various factors in sentencing that are set forth in the statute. And the judge is supposed to come to what he considers a reasonable sentence to serve the purposes of 3522 or 52A, 53A. But we still argue all these cases as if the guidelines were what controlled the sentence. And I – it's not just you. It's district judges and courts of appeals. But I think the district judge's duty and function is to say, what's a fair and a reasonable sentence for this individual given all the considerations? Yes, Your Honor. And in the mine run of cases, in other words, in a typical case, usually the district court would not have to articulate any reasons because in relying on the sentencing range, it is assumed to a certain extent that that sentence within the range is fair and reasonable under Section 3553. However, when there is a major departure, like in this case. Well, why do you think he's double counting? Why do you think that just the fact that the district judge is mentioning the underlying offense means that the district judge is double counting? What the district judge says, I'm left with a firm conclusion that both the conduct that resulted in this offense should result in a higher guideline, a sentence – a higher guideline than the sentence – a higher sentence than the guidelines calls for and that the criminal history is really underrepresented. So isn't the district judge just exercising his judgment here as to what the appropriate sentence ought to be? Yes, Your Honor. The district court is exercising its judgment. However, some of the factors that it was relying upon were already taken into the offense level and as stated in previous Ninth Circuit court law, that would be considered double counting. There was a second point I wanted to bring up also, which is there was a connection test that was articulated in the Fifth Circuit Newsome case. Now, the Ninth Circuit has not fully articulated a connection test to determine whether a dismissed conduct or charge could relate to and provide support for an upper variance in an instant case. However, in the War case, the district – the sentencing court seemed to be employing a connection test. In this case, the Connecticut fire and the Hawaii fire, there is no defensible connection because the two fires were over a year apart. One was in Connecticut, one was in Hawaii. The reason for the Connecticut fire was because the defendant wanted to get out of the cold to be – to warm up in the bathroom of the maintenance building. He didn't have any shoes. He didn't have any gloves. Presumably, he licked the towels or the paper towels on the floor to warm up. Whereas in the Hawaii case, there was a jealous outburst on Mr. Jones' part for the other man who was also dating the woman that she was dating. Your Honor, I do have about a minute left. May I reserve the last minute for rebuttal? Yes, certainly. Thank you. May it please the Court. Counsel, Mr. Kimura, I'm William Shipley, Assistant United States Attorney in the District of Hawaii, arguing the case on behalf of Ms. Sheehan, who has left the U.S. Attorney's Office. I think the key point was raised by Judge Reinhart. What Judge Seabright did here was he made a particularized and individualized evaluation of this defendant and the facts involving this defendant's case, including his history. And he made a determination that when he compared those issues against the 3553A factors that the statute required him to consider, he did not believe in his exercise of discretion that 60 to 71 months was sufficient to address the 3553A factors that he had to confront. And he made a determination that a higher sentence was required, and he imposed the higher sentence. It's a classic post-Booker sentence. He did exactly what the Supreme Court says in Booker district court judges are to do. What Mr. Kimura is actually asking this court to do is to go back to Booker and hamstring Judge Seabright by the guideline provisions. The double-counting argument he raises under Bell, interesting, is a pre-Booker case. And I think I can give the court a very simple example of what that case was meant to address. That case was meant to address a situation such as a plus-two-level enhancement in a drug case for carrying a dangerous weapon. If the district court gave two levels for carrying a dangerous weapon, and then went on to say, well, you know what, you had a handgun and not a knife. I'm going to give you another 24 months. That would not have been appropriate because the specific offense characteristic took into consideration the presence of a dangerous weapon. The defendant's adjusted guideline offense level would have been higher by virtue of that, so it wouldn't have been appropriate to use that same fact to give him an upper departure. That was the Bell case. Booker eliminated all that. Now it's up to the district judge to look at all the facts, consider the guideline calculation, but make a determination whether the guideline calculation met the 3353A factors. Frankly, your Honor, I think the defendant's brief is built upon an overruled case, Seabright, overruled by an en bloc decision in this court, which recognized the impact of Kuhn on the question raised by Seabright, as well as the change in the guidelines in 2000 with respect to dismissed and uncharged conduct. That goes to the Connecticut Fire case. There's no question that a district court judge can consider dismissed and uncharged conduct when determining where within the range of zero to the maximum penalty the defendant's appropriate sentence should be. And Judge Seabright did that. What Judge Seabright did in pages, I believe it was 13 to 17 of the transcript, where it was just Judge Seabright giving a narrative justification for his sentence, is he especially took note of the escalating nature of the defendant's violent conduct over a period of many years. His inability to conform his conduct to the direction of his violence towards family members and the fact that his contacts with the criminal justice system over a course of many years had produced no discernible positive impact. And it was almost to the point where Judge Seabright was saying, Mr. Jones, you're simply out of chances. The sentences are only going to get longer from here on out if you can't change your conduct. I don't know as to the facts and arguments that I have any more to add, and I'd be happy to answer any questions of the Court. Very careful. Thank you, Your Honor. Your Honor, I just wanted to repeat two points. As far as the double counting, according to the Ninth Circuit case law, you would look at the Section 3553A factors in addition to the applicable guidelines. If you already took into account the certain facts in the applicable guidelines, you cannot use those same facts and apply it to the other 3553 factors. That is double counting. Sure, Mr. Schiffer is correct that you could have it in other situations, but it would still apply and that is still good law presently after Coon. Secondly, in regards to the Connecticut Dismissed case, there has to be some connection. There has to be some connection. Otherwise, you can have a sentencing court use any facts just as long as it's the same defendant and say that that warrants an upward departure. And in a substantial upward departure or variance like this one, we feel that the judge earned and therefore the case should be remanded for re-sentencing. Thank you, Your Honor. Thank you, Counsel. Case 50 will be submitted. Next case to be argued is United States v. Todd Anthony Hernandez.
judges: Reinhardt, Brunetti, Thomas